UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-P215-S

JA-RON TEAGUE                                                                                     PLAINTIFF

v.

DEPARTMENT OF CORRECTIONS *et al.*                                   DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter previously came before the Court on Plaintiff's motion to proceed *in forma pauperis*. A review of the records in this Court revealed that Plaintiff had filed over 30 civil actions in this Court while incarcerated at various times in the Commonwealth of Kentucky. At least three of the civil actions were dismissed because they were frivolous, malicious or failed to state a claim upon which relief may be granted. *See* Civil Action No. 3:98CV-P545-S; Civil Action No. 3:98CV-P546-S; and Civil Action No. 3:98CV-P570-S. Title 28, United States Code, section 1915 governs proceedings *in forma pauperis*. It provides in pertinent part:

> (g) In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The only exception to the limitation noted in the statute is if the prisoner is under imminent danger of serious physical injury. Nothing in the complaint suggests that Plaintiff is "under imminent danger of serious physical injury." Thus, the Court concluded that Plaintiff was not entitled to proceed *in forma pauperis* in this action.

By Order signed April 14, 2010, the Court denied Plaintiff's motion to proceed *in forma pauperis* and directed Plaintiff to pay the $350.00 within 30 days. Plaintiff was warned that

failure to comply would result in the dismissal of this action.

Teague responded by seeking an extension until October 2010 to pay the filing fee. He asserts that he has received an inheritance and expects to have use of the money in four months. Teague has not provided any proof of this fact. Because the Court's dismissal for failure to pay the filing fee is without prejudice, Teague can refile his claims at anytime should he either be able to satisfy the requirements of § 1915(g) or have the funds available to pay the filing fee. The Court, however, will not stay this action based solely on Teague's unverified assertions that he will be able to pay the fee in four months. To do so, would be to allow Teague to escape the requirements of 28 U.S.C. § 1915(g). Accordingly, Teague's motion (DN 6) is **DENIED.**

The Court will dismiss this matter by separate Order.

Date:

cc: Plaintiff, *pro se*
4411.008